LAMB v. LITTMAN.

(Filed June 11, 1903.)

1. WITNESSES—*Reputation—Evidence.*

The reputation of a man may be proved only by those who know it, and this applies equally whether it be his general reputation for truth and honesty or any special fitness for any employment for which he may be engaged.

2. MASTER AND SERVANT—*Employer and Employee—Vice-Principal—Fellow-Servant.*

A vice-principal is one who has such a control over those who act under him that they have a just reason to believe that a failure or refusal to obey the superior will or may be followed by a discharge.

3. EVIDENCE—*Negligence.*

In an action by an employee for injuries sustained by being pushed against machinery, it is competent as explaining the nature of the injury to show that the machine was not cased.

4. EVIDENCE—*Negligence—Harmless Error.*

In an action by an employee for injuries sustained by being pushed against machinery, evidence that the machinery was second-hand is irrelevant, and if admitted is harmless.

ACTION by W. T. Lamb against I. Littman, heard by Judge *Thomas J. Shaw* and a jury, at May Term, 1902, of the Superior Court of ROWAN County. From a judgment for the plaintiff, the defendant appealed.

*R. Lee Wright* and *B. B. Miller,* for the plaintiff.
*Overman & Gregory,* for the defendant.

DOUGLAS, J.    Every legal question essential to the determination of this case was practically decided in the former opinion of this court, reported in 128 N. C., 361; 53 L. R. A., 852, which is the law of this case.

The first class of exceptions relied upon by the defendant are to such parts of the evidence and the charge as relate to the character of Burrus among mill hands.    The reputation of a man can be proved only by those who know it, and this applies equally whether it is his general reputation for truth and honesty or any special fitness for any employment for which he may be engaged.    Mill owners would naturally know more of his reputation as a skilled mechanic or operative, while the operatives themselves would have peculiar facilities for ascertaining his character as a boss with relation to those under him.    In its former opinion this court says on page 363:    "In the case now being considered, there is no evidence of the unskilfulness of the boss, Burrus, but the evidence shows that he was unfit and incompetent to perform the duties of supervising children and the help under him by reason of his cruel nature and high temper, demonstrated by his treatment of the plaintiff on the day before as well as on that of the injury, which had become so well known as to establish for him a general reputation extending back for six or more years in the divers mills and towns in which he had worked.    It is clear that the master would have been responsible for injuries inflicted upon the servants by him, had

he (the master) known of such traits of character; and it is equally as clear that he could have obtained the information had he seen fit to inquire; or, having inquired, knowingly and voluntarily assumed the responsibility in employing him and placing him in that responsible position." The second exception was to the charge of the court relating to the doctrine of fellow servant as applied to Burrus. The effect of our former opinion upon substantially the same facts was to hold that Burrus was a vice-principal. He was admittedly the superintendent or boss of the spinning room where the plaintiff, a ten-year-old boy, was employed as a floor sweeper. The defendant contends that as he did not have authority to hire and discharge hands, he could not be a vice-principal. It is not absolutely necessary for a vice-principal to have the authority to hire and discharge. In some exceptional cases the relation might exist without such power; but in any event the result is practically the same if it is understood that a disobedience of his orders will lead to a discharge. The mere form of requiring the boss to recommend a discharge, which will follow as a matter of course, does not change the legal effect where there is no change in the practical result. The rule is thus stated in *Turner v. Lumber Co.,* 119 N. C., 387: "The test of the question whether one in charge of other servants is to be regarded as a fellow-servant or a middleman is involved in the enquiry whether those who act under his orders have just reason for believing that the failure or refusal to obey the superior will or may be followed by a discharge from the service in which they are engaged." Citing *Mason v. Railroad,* 111 N. C., 482; 18 L. R. A., 845; 32 Am. St. Rep., 814; S. C., 114 N. C., 718; *Shadd v. Railroad,* 116 N C., 970; *Patton v. Railroad,* 96 N. C., 455; *Logan v. Railroad,* 116 N. C., 940, 951. In this case it is also expressly held that, "it is not essential that it should always appear that such authority is expressly given." If the discharge fol-

lowed as a matter of course, its formal method would make but little difference to the employee. The efficacy of the principle lies in the co-ercive power existing where a subordinate depends directly or indirectly upon the will of another for his daily bread.

These principles are expressly recognized by the entire court in *Ward v. Odell*, 126 N. C., 946, the division of opinion being entirely upon another point. See also Bailey's Master's Liability, 341; McKinney Fellow Serv't, Sec. 14.

The third class of exceptions rely upon the contention that Burrus was not acting within the scope of his employment when he injured the plaintiff. This also was decided in favor of the plaintiff upon a similar statement of facts at the former hearing, as will be seen from the above extract from the opinion of the court.

The fourth exception, or rather class, as the exceptions are divided by the defendant into four classes in accordance with the respective principles upon which they depend, is to the admission of testimony tending to prove that the machine was second-hand and uncased. The defendant testified that it was cased, and other witnesses testified, without objection, that it was cased and uncased. We see no objection to the plaintiff testifying that the machine was uncased, as explaining the nature of the injury with its attending circumstances. The testimony as to the machinery being new or second-hand was irrelevant, but we can not see how it could do any harm, as it would have injured the plaintiff in either event. It is just as dangerous to be shoved into new machinery as into old; and the plaintiff would have been entitled to recover for an injury received by being thrown against anything else. The other miscellaneous exceptions are without a merit and apparently not relied on by the defendant. The judgment is affirmed.

Affirmed.